# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JESUS LEMUS
657 Poplar Woods Drive
Morgantown, WV 26505
202-212-7171
jelemus3@gmail.com,

        Plaintiff,

VS.

GROVER MONTANO CORP.
16004 Carroll Avenue
Woodbridge, VA 22191
703-582-4820
grovermontano@hotmail.com

GROVER MONTANO
16004 Carroll Avenue
Woodbridge, VA 22191
703-582-4820
grovermontano@hotmail.com,

        Defendants.

Case: 1:23-cv-00108
Assigned To : Jackson, Amy Berman
Assign. Date : 1/11/2023
Description: Pro Se Gen. Civ. (F-DECK)

## COMPLAINT

## JURISDICTION

1.    This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are residents of different states and the amount in controversy is more than $75,000.



RECEIVED
Mail Room

JAN 11 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

2. This court has personal jurisdiction over the defendants because Grover Montano Corp., a corporation, operates in the District of Columbia and Grover Montano, an individual, is a licensed contractor in the District of Columbia; and the underlying facts occurred in the District of Columbia.

## VENUE

3. This court is a proper venue pursuant to 28 U.S.C. § 1391 because the contract at issue was entered in the District of Columbia and the contract work performed as well as the conduct at issue occurred in the District of Columbia.

## PARTIES

4. Plaintiff Jesus Lemus ("Plaintiff") is an individual who is the owner of real property located at 916 6th Street NE, Washington, DC 20002. Plaintiff is a resident of Morgantown, WV.

5. Defendant Grover Montano Corp. is a construction company incorporated under the laws of the State of Virginia and is doing business in the District of Columbia.

6. Defendant Grover Montano is a licensed contractor in the District of Columbia, president of Grover Montano Corp., and is a resident of the State of Virginia.

7. Grover Montano Corp. and Grover Montano are collectively "Defendants".

## STATEMENT OF FACTS

8. In March 2019, Plaintiff and Defendants entered into a written contract for the performance of a basement remodeling, which included the creation of a bathroom with an enclosed tiled shower, at the Plaintiff's property in accordance with all applicable codes.

9. The construction started on or about April 2019 and ended on or about January 2020.

10. Plaintiff fully paid Defendants for the work, as per the contract.

11. On or about March 2022, Plaintiff discovered a latent construction defect in the bathroom. The defect became apparent when Plaintiff, who was previously working overseas, started to use the shower more frequently and noticed water stains on the bathroom walls. The defect was not apparent by reasonable inspection at the time the remodeling was completed by Defendants and accepted by Plaintiff.

12. On or about March 2022, Plaintiff presented these facts to Grover Montano and asked Defendants to help fix the water stains issue. Defendants refused to address the problem.

13. On April 25, 2022, Plaintiff hired a leak detection specialist to inspect the bathroom. The specialist determined that the water was sipping through the shower tiles in the bench area, shower walls, and shower floor.

14. Plaintiff then filed a formal complaint with the Department of Consumer and Regulatory Affairs (DCRA) on or about April 2022, but Defendants again refused to resolve this matter informally and to come to a mutually acceptable agreement.

15. Therefore, in order to mitigate the damages that resulted from the Defendants' actions, Plaintiff hired a new contractor to complete the necessary repairs and rebuild the shower enclosure. The new contractor observed the lack of proper waterproofing, use of unsuitable material, as well as poor plumbing workmanship, which had led to leaks and mold in the toilet and shower areas.

16. After the repair completion, Plaintiff sent Grover Montano Corp. a demand letter for payment on October 4th, 2022, to which Defendants have not responded.

## CLAIMS

## COUNT 1: FRAUD - VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT ("CPPA")

17.     Plaintiff hereby incorporates by reference all previous allegations set forth in this Complaint hereinabove as if fully set forth herein.

18.     The CPPA is a remedial statute that establishes a right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

19.     Plaintiff obtained home improvement services and products from Defendants for his home and, therefore, these services and products are consumer goods and services.

20.     Defendants, in the ordinary course of business, offer to sell and supply consumer goods and services, and are therefore merchants.

21.     Merchants who violate the CPPA may be subject to restitution, damages, civil penalties, temporary or permanent injunctions, the costs of the action, and reasonable attorneys' fees.

22.     Defendants' conduct in violation of the CPPA includes, but is not limited to, the following acts of misrepresentations:

   a. representation that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;

   b. failure to state a material fact if such failure tends to mislead.

23.     Here, Defendants knowingly used lower-quality, unsuitable materials to build the shower enclosure and its plumbing. Defendants did not disclose that material fact to Plaintiff.

24. Defendants engaged in deliberate misrepresentation and should have known they were making false statements given their experience in the construction field.

25. Plaintiff reasonably relied on the information Defendants supplied.

26. As a direct and proximate result of Defendants' violation of CPPA, Plaintiff has incurred damages in the form of costs of investigation of defective material and workmanship, demolition and replacement of such materials and workmanship, among other things.

## COUNT 2: BREACH OF CONTRACT

27. Plaintiff hereby incorporates by reference all previous allegations set forth in this Complaint hereinabove as if fully set forth herein.

28. The parties, for valuable consideration, entered into a valid and enforceable contract in March 2019 for the performance of a basement remodeling, including the creation of a bathroom with an enclosed shower, by Defendants.

29. Defendants agreed and had a duty to perform the construction of the bathroom in accordance with all applicable codes, regulations, and laws, and to be fully responsible for the quality of all work performed and materials furnished in connection with the construction.

30. Defendants breached the contract by defectively constructing the shower enclosure and plumbing system, by failing to follow industry standards, statutory requirements, and building code requirements.

31. As a direct and proximate result of Defendants' breach of contract, Plaintiff has been damaged because the shower enclosure was molded, leaked, and therefore had to be rebuilt.

32. Plaintiff has fulfilled all of his obligations and has duly performed all conditions on his part that required to be performed.

## COUNT 3: NEGLIGENCE

33. Plaintiff hereby incorporates by reference all previous allegations set forth in this Complaint hereinabove as if fully set forth herein.

34. Defendants owed a duty to exercise reasonable care in the performance of their work for the bathroom construction, in accordance with the standard of care that applies to design and building in the District of Columbia.

35. Defendants breached their duty of care to Plaintiff by failing to properly perform their work, by failing to use suitable material, and by failing to meet the standard of care that applies, resulting in damages to the Plaintiff's property, including but not limited to, damage resulting from mold and water penetration through the shower tiles installed by Defendants.

36. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred damages in the form of costs of investigation of defective material and workmanship, demolition and replacement of such materials and workmanship, among other things.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgement against Defendants as follows:

On all causes of Action:

1. For the estimated initial cost to build the shower enclosure by Defendants in the amount of $15,000, and for interest on that sum at the rate of ten percent (10%) per annum from January 2020;

2. For costs to repair the work performed by Defendants in the amount of $20,124, and for interest on that sum at the rate of ten percent (10%) per annum from May 2022;

3. For court costs;

4. For treble damages in the amount of $70,248 pursuant to the District of Columbia Consumer Protection Procedures Act;

5. For punitive damages in the amount of $10,000; and

6. For any other further relief as the Court deems just and proper.

X _Jesus Lemus_ 01/09/2023
Jesus Lemus

Jesus Lemus
657 Poplar Woods Drive
Morgantown, WV 26505
jelemus3@gmail.com
202-717-2121