UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JESUS LEMUS<br><br>Plaintiff,<br><br>v.<br><br>GROVER MONTANO et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 23-CV-00108-RMM<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to file an amended complaint, ECF No. 33. Dr. Jesus Lemus ("Dr. Lemus" or "Plaintiff") proceeded *pro se* in this case for nearly a year, but he now seeks leave to file his first amended complaint with the benefit of retained counsel. After holding a status conference discussing Plaintiff's intent to move to file an amended complaint, the Court set a due date for the motion via Minute Order, and Plaintiff timely filed his motion. *See* Feb. 23, 2024 Min. Order. Defendants Grover Montano and Grover Montano Corp. (together, "Defendants") oppose Plaintiff's motion. Having reviewed the parties' submissions,[1] the record, and the relevant law, the Court GRANTS Plaintiff's Motion.

## BACKGROUND

Dr. Lemus is a resident of West Virginia who owns a home in northeast Washington, D.C. *See* Compl., ECF No. 1 ¶ 4. Defendant Grover Montano Corp. is a construction company

---

[1] Pl.'s Mot. for Leave to File Am. Compl., ECF No. 33 ("Mot."); Defs.' Opp'n to Pl.'s Mot. for Leave, ECF No. 34 ("Opp'n"); Pl.'s Reply in Supp. of Mot. for Leave, ECF No. 36 ("Reply").

incorporated in Virginia that performs services in D.C.; Grover Montano is the president of Grover Montano Corp. and is a licensed contractor in D.C.  *See id.* ¶ 6.  Dr. Lemus and Defendants entered into a written contract for the performance of basement remodeling of Dr. Lemus's Washington, D.C. property, including the creation of a full bathroom within the basement.  *See id.* ¶ 8.  The construction began in April 2019 and ended in January 2020.  *See id.* ¶ 9.  Around March 2022, Dr. Lemus noticed water stains on the bathroom walls when he would use the shower, and there were leaks and mold in the toilet and shower areas as well.  *See id.* ¶ 11, 15.  He ultimately hired a new contractor to repair the bathroom and rebuild the shower—the new contractor allegedly observed that there was no waterproofing, the materials were unsuitable, and the bathroom was constructed with poor worksmanship.  *See id.* ¶ 15.

In response to learning this from his new contractor, Dr. Lemus filed a complaint with the D.C. Department of Consumer and Regulatory Affairs in April 2022.  *See id.* ¶ 14.  The parties were unable to resolve the matter.  *Id.*  Dr. Lemus thereafter sent a demand letter for payment to Defendants in October 2022, to which Defendants did not respond.  *See id.* ¶ 16.

Dr. Lemus brought suit against Defendants in this Court on January 11, 2023 and proceeded *pro se* in this case until late November 2023, when he retained counsel.  *See generally id.*; Notice of Appearance, ECF No. 29.  Defendants answered his Complaint on March 23, 2023.  *See* Answer, ECF No. 9.  After the case was referred to Magistrate Judge Meriweather for all purposes, the Court held a scheduling conference on May 11, 2023 and entered a scheduling order governing discovery.  *See* Order, ECF No. 12.

Since entering the scheduling order, the parties have had several disputes.  In emails sent to Chambers by Dr. Lemus and counsel for Defendants in September and October of 2023, the parties fiercely disputed whether Dr. Lemus should be permitted to file an expert report, although

2

he did not designate any experts in his Rule 26 filing. Around the same time, the Court referred this case to mediation at the parties' request, which ultimately did not occur as the parties apparently no longer wished to proceed with mediation at this stage. *See* Order, ECF No. 23. In late October, Dr. Lemus filed a motion for sanctions against Defendants for their failure to timely respond to his Requests for Admission.[2] *See* Mot. for Sanctions, ECF No. 25. In November of 2023, Dr. Lemus indicated in a motion requesting an extension of time to conduct discovery that he wished to retain counsel. *See* Mot. for Extension, ECF No. 28. Since May 2023, the Court has granted several extensions to discovery. *See* Oct. 20, 2023 Min. Order; Nov. 7, 2023 Min. Order. Discovery officially closed on April 23, 2024. *See* Feb. 23, 2024 Min. Order.

At a hearing on February 23, 2024, the parties—now including Plaintiff's counsel— exchanged sharp words. Defendants suggested that Dr. Lemus has not made himself available for a deposition and implied that Plaintiff's counsel has been dragging his feet in prosecuting this litigation; Plaintiff's counsel denied that he was acting in bad faith and argued that he should be able to file an amended complaint now that Dr. Lemus is represented by counsel. Following this Court's orders after the hearing, Dr. Lemus has since made himself available for a deposition, his deposition has occurred, and the parties have briefed a motion to file an amended complaint. *See* Dkt.; Opp'n at *2.

Plaintiff's initial Complaint raised three counts: (1) fraud (violations of D.C.'s consumer protection law), (2) breach of contract under D.C. law, and (3) negligence under D.C. law. *See generally* Compl. Dr. Lemus' Proposed Amended Complaint similarly raises three counts: (1)

---

[2] Plaintiff's counsel withdrew this motion at a hearing before the Court in February 2024 and the Court thereafter denied this motion as moot. *See* Feb. 23, 2024 Min. Order

3

violation of D.C.'s consumer protection law, including specific violations of D.C.'s home improvement contracts provisions, (2) breach of contract under D.C. law, and (3) negligence under D.C. law.[3]  *See* Mot., ECF No. 33-1 ("Proposed Am. Compl.").  Plaintiff's motion is now ripe for review.

## LEGAL STANDARD

Rule 15(a) provides that leave to amend a pleading that cannot be amended as a matter of course shall be permitted only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Courts should "freely give leave when justice so requires." *Id.*  Leave may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g.*, *Barrett v. Pepco Holdings*, 275 F. Supp. 3d 115, 120 (D.D.C. 2017) (denying-in-part plaintiff's motion for leave to file an amended complaint to the extent the complaint pled allegations that would not survive a motion to dismiss); *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010) ("Leave to amend is properly denied when the plaintiff was aware of the information underlying the proposed amendment long before moving for leave to amend the complaint.").

Courts have—and should—considered the plaintiff's *pro se* status when assessing whether leave to file an amended complaint should be granted.  A *pro se* litigant "should receive more latitude than parties represented by counsel 'to correct defects in service of process and pleadings.'"  *Childers v. Mineta*, 205 F.R.D. 29, 31 (D.D.C. 2001) (citing *Haines v. Kerner*, 404

---

[3] Plaintiff maintains that he is asserting the same three claims in the Proposed Amended Complaint, but simply sets forth "with greater specificity" the factual basis for each claim. Reply at 8.

4

U.S. 519, 520 (1972)).  Courts in this District routinely grant motions for leave to file amended complaints filed by counsel in actions where the plaintiff filed initial complaints *pro se*. *See, e.g.*, *Brown v. JP Morgan Chase*, No. 14-cv-2031, 2018 WL 4193638, at *4 (D.D.C. June 5, 2018) (holding that the operative complaint in the litigation was plaintiff's fourth amended complaint, filed by counsel, because "it has been the Court's intention for some time to permit [the formerly *pro se*] plaintiff to present all of the claims he seeks to bring in one, final proposed complaint"); *Guevara v. Onyewu*, No. 10-cv-194, 2011 WL 13247552, at *2 (D.D.C. Apr. 7, 2011) (granting plaintiffs' motion for leave to amend complaint, which added additional claims not brought in the previously *pro se* plaintiffs' complaint); *Barrett*, 275 F. at 120 (granting plaintiff's motion to amend complaint, filed after plaintiff retained counsel, to the extent claims in the amended complaint were not futile).

Because Rule 15 directs courts to "freely" afford leave to amend, "[d]enial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as . . . undue delay, bad faith, dilatory motive, [etc.]." *Onyewuchi*, 267 F.R.D. at 420.  The party opposing the amendment generally carries the burden of showing why the court should deny leave to amend.  *Howard v. George Washington Univ.*, No. 1:22-CV-02902, 2023 WL 3231447, at *2 (D.D.C. May 3, 2023); *see also Unique Indus., Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d 191, 207 (D.D.C. 2011).

## DISCUSSION

Plaintiff argues, in support of his motion, that he is entitled to amend his Complaint because leave to amend is authorized by the Federal Rules, he was previously proceeding *pro se*, and no bases to deny leave apply.  *See generally* Mot.; Reply.  Defendants assert that permitting Plaintiff to amend his Complaint now, after the parties have substantially completed discovery,

would impose undue hardship and prejudice upon them, and that Plaintiff fails to show why he is entitled to amend his complaint. *See generally* Opp'n. The Court addresses the parties' arguments in turn below.

I.      **There Is No Basis to Deny Plaintiff's Motion for Leave to Amend**

Defendants argue that the Court should deny Plaintiff's motion for leave to amend his complaint because: (1) Plaintiff improperly fails to assert that the changes contain newly discovered facts or issues; (2) all facts should have been known to Plaintiff before the filing of the Amended Complaint or at the time he hired counsel six months ago; (3) the Amended Complaint is so different that Defendants would have to "launch an entirely new defense;" and (4) Plaintiff does not deserve sympathy because he is well educated and his spouse is a law school graduate. *See* Opp'n at *3–4. Defendants cite to D.C. procedural rules and D.C. law to support their points. *Id.* at *3. Although the D.C. and federal standards on this issue are relatively similar, the Federal Rules of Civil Procedure and cases interpreting such rules apply here. Accordingly, the Court will address the relevant bases recognized by the Federal Rules under which Defendants appear to argue the motion for leave to amend should be denied: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, and (3) undue prejudice to the opposing party by virtue of allowance of the amendment.

A court "may deny a motion for leave to amend if the amendment would result in delay or undue prejudice to the opposing party, or if a party had sufficient opportunity to state the amended claims and failed to do so." *Equity Group, Ltd. v. Painewebber Inc.*, 839 F. Supp. 930, 932 (D.D.C. 1993). Leave to amend can be properly denied if the plaintiff knew the information underlying the proposed amendment "long before" moving to amend the complaint. *Onyewuchi*, 267 F.R.D. at 420. Relevant to this inquiry, courts consider whether the plaintiff was aware of

6

the facts underlying the amended complaint prior to the completion of discovery. *LaPrade v. Abramson*, Case No. 97-cv-10, 2006 WL 3469532, at *5 (D.D.C. Nov. 29, 2006) (denying motion where claims in amended complaint were based on facts known to plaintiff prior to the close of discovery); *Hollinger–Haye v. Harrison W./Franki–Denys*, 130 F.R.D. 1, 2 (D.D.C. 1990) (same).

First, in support of their undue prejudice argument, Defendants argue that they would need to "launch an entirely new defense" and would "be subjected to large additional expenditures to defend this new case" if the motion for leave is granted. Opp'n at *4–5. If courts "were to employ a policy of denying plaintiffs leave to amend in every situation where an amended complaint may result in additional discovery or expense, then [they] would fail to abide by the legal standard of granting leave 'freely . . . when justice so requires.'" *Hisler v. Gallaudet Univ.*, 206 F.R.D. 11, 14 (D.D.C. 2002) (citing Fed. R. Civ. P. 15(a)). In addition, "avoiding unnecessary expense for all parties," is not a consideration that provides a "colorable basis" for denying leave to amend. *Howard*, 2023 WL 3231447, at *2. The discovery that will result from additional allegations related to the same number of—and almost identical—counts in the Proposed Amended Complaint "does not place an unjust burden on the defendant." *Hisler*, 206 F.R.D. at 14. And even though discovery closed on April 23, 2024, this Court has discretion to reopen discovery for the discrete purpose of exploring the additional allegations included in the Proposed Amended Complaint. *See id.* (granting plaintiff's motion to amend even though discovery had since closed).

Relatedly, it is also unlikely that Defendants would need to launch an "entirely new defense," as they suggest. Opp'n at *4. The mere act of adding additional facts in the Proposed Amended Complaint that relate to the same events raised in the initial complaint does not

7

warrant denial of leave to amend. Courts have permitted leave to amend so that additional claims and a new theory could be added to the claim where a substantive relationship between the claims exist. *Mississippi Assn. of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991). Here, the Proposed Amended Complaint alleges that Defendants violated various D.C. laws in relation to their contracting for home improvement work on Plaintiff's property; the original complaint relates to the same set of facts, the same two Defendants, and alleged the same or very similar counts brought in the Proposed Amended Complaint. The Proposed Amended Complaint includes more detail in both the facts and counts sections than the original complaint, but this is expected considering Plaintiff drafted the former with assistance from counsel. Thus, the Proposed Amended Complaint here includes "additional claims [that] involve many of the same facts and 'alleged wrongdoers' as the original complaint." *Childers*, 205 F.R.D. at 32 (granting motion for leave to file amended complaint). The Court is not persuaded that the Proposed Amended Complaint would prejudice Defendants or impose a burden on them.

   Defendants emphasize that four months passed from Plaintiff obtaining counsel to filing the Proposed Amended Complaint—which the Court construes as Defendants arguing that Plaintiff acted with undue delay, bad faith, or dilatory motive—and the Court should deny the motion for this reason. *See* Opp'n at \*4–5. The timeline Defendants cite does not suggest delay when considering the docket and the intervening filings and events that occurred from late November 2023 (when Plaintiff retained counsel) to March 2024 (when the motion for leave was filed). First, Counsel for Plaintiff filed a Notice of Appearance on November 27, 2023 and promptly filed a status report on December 1, 2023 requesting that he have "30 days to 'get up to speed' on the case," and asked that this Court schedule a status conference "at least 30 days" in

the future; counsel for Defendants consented to allowing Plaintiff's counsel this time to get up to speed, per the Status Report. Status Report, ECF No. 30. The Court thereafter scheduled a status conference for February 9, 2024 to discuss the posture of the case and the pending disputes, which was later vacated and continued to February 23, 2024. *See* Min. Entry, Feb. 23, 2024. On February 23, 2024, the Court heard argument as to why Plaintiff should (and should not) be permitted to file an Amended Complaint. Following the conference, the Court issued a Minute Order requiring the Plaintiff to file a motion for leave to file an amended complaint, if he wished to do so, no later than March 25, 2024. *See* Feb. 23, 2024 Min. Order.

It was reasonable for Plaintiff's counsel to wait until the status conference on February 23 to raise the possibility of filing an amended complaint, which was less than three months after he first entered an appearance in this matter, and less than two months after he was "up to speed" on the case. It is unreasonable to infer that Plaintiff's counsel already knew that he intended to file an Amended Complaint when he entered his appearance in November 2023. Finally, the Defendants have pointed to no case law in support of their position that the circumstances surrounding the purported delay in this case warrant denying the motion to amend.[4]

The Court acknowledges that this motion for leave was filed shortly before the close of discovery, and after the parties have already exchanged written discovery and taken depositions. Courts have denied motions for leave to amend when the plaintiff sought to amend after discovery had closed or if the plaintiff knew the evidence included in the amended complaint at the time of the filing of the original complaint. In *Onyewuchi v. Gonzalez*, the court found it "abundantly clear that the plaintiff was fully aware of the information underlying his proposed

---

[4] The Court acknowledges, as Plaintiff notes in his Reply, that Defendants have sought—and been granted—several extensions in this case to date. *See generally* Dkt.; Reply at 3–4.

disparate impact claims [included in his amended complaint] long before the [later] disclosure of the e-mails on which he purports to base those claims." 267 F.R.D. at 421. In denying the plaintiff's motion to amend, the court found relevant that the plaintiff "included the information underlying his proposed disparate impact claims in his first amended complaint." *Id.* In that case, the plaintiff was *pro se*, but he was an attorney. *Id.*

In *Unique Indus., Inc. v. 965207 Alberta Ltd.*, the court denied the counsel-represented plaintiff's motion for leave to amend, finding that "[t]he plaintiff's failure to seek leave to amend until after the close of discovery and the submission of summary judgment briefs constitutes an unjustifiable lack of diligence that plainly weighs against granting leave to amend." 764 F. Supp. 2d at 208. There, the amended complaint would have added "new parties, new defenses and new claims." *Id.* In denying the motion, the court remarked that "the plaintiff's purported failure to uncover this evidence earlier in the litigation resulted from its lack of diligence in investigating its case." *Id.*

The two cited cases are distinguishable from the present case. First, Dr. Lemus' status as a *pro se*, non-lawyer is relevant. Courts afford leeway to parties who are not lawyers, because they are not familiar with the procedural rules and relevant law. *See Childers*, 205 F.R.D. at 31. It is thus *far* from "abundantly clear that the plaintiff was fully aware of the information" raised in his Proposed Amended Complaint at the time he drafted his initial Complaint. *Onyewuchi*, 267 F.R.D. at 421. Second, the posture of the instant case is important; here, the motion was filed about a month before the end of discovery and no dispositive motions have been filed. *Unique Indus., Inc.*, 764 F. Supp. 2d at 208 (denying motion for leave after discovery had closed and parties had briefed summary judgment). Finally, the Proposed Amended Complaint does not fundamentally change the facts at issue in this case—it brings the same (or similar) counts

against the same Defendants involving the same set of events. *See id.* The Court thus finds that the motion should not be denied due to undue delay, bad faith, or dilatory motive.

Defendants also argue, even though it is not a recognized basis for denying a motion for leave under the Rules, that Plaintiff's level of sophistication as a *pro se* plaintiff—including the fact that he is well-educated and his spouse is a law school graduate—warrant him "no sympathy." Opp'n at *4. Defendants appear to argue that Plaintiff had to supply "the Court with an explanation as to why he waited to hire an attorney or to amend the complaint at an earlier time." *Id.* at *3. Precedent on this issue does not require a *pro se* plaintiff to explain why he waited to hire an attorney. And, this Court will not assume, as Defendants suggest, that Plaintiff "could have hired counsel at any point in time prior to or since filing this Complaint," with no evidence to support this assertion. *Id.* at *4. Defendants have pointed to no case law that supports their position that Plaintiff should be afforded "no sympathy" due to his and his spouse's education level, and this Court will not create case law endorsing this rule here. *Id.*

Finally, denial of leave based on futility is not warranted here.[5] Plaintiff's Proposed Amended Complaint appears to assert facts that state a legal theory that could likely survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).[6] Therefore there is no reason to believe that the proposed amendments would be futile.

---

[5] Defendants do not argue that the proposed amended complaint is futile, but the Court will briefly consider the issue.

[6] This conclusion should not be construed as a finding that the allegations are meritorious; the Court merely observes that they likely could survive a motion to dismiss.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave, ECF No. 33. The Court hereby ORDERS Plaintiff to promptly docket his Amended Complaint, filed as Exhibit 4 to its Reply, ECF No. 36-4.[7] Plaintiff is also hereby ORDERED to file, as an exhibit to the Amended Complaint, a redline of the Amended Complaint that compares it to the original complaint so as to clearly outline the changes made to the complaint. Defendants are ORDERED to respond to the Amended Complaint 14 days after it is filed. SO ORDERED.

Date: August 5, 2024

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

---

[7] The Proposed Amended Complaint filed in Plaintiff's Motion includes incorrect paragraph numbering. *See* Reply at 1.